UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 08-322 (DSD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Antonio Ortiz Shinaul (03), | |
| Defendant. | |

Andrew Winter, United States Attorney's Office, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Craig E. Cascarano, Cascarano Law Office, 150 South Fifth Street, Suite 3260, Minneapolis, Minnesota 55402, for Defendant Antonio Ortiz Shinaul

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant Antonio Ortiz Shinaul's Motion to Suppress Evidence Obtained Through Search (Doc. No. 39) and Motion to Suppress Search and Seizure Evidence (Doc. No. 42).[1]  In both motions, Defendant Shinaul asks the Court to review a search warrant executed at 7980 Beard Court in Brooklyn Park, Minnesota, for probable cause.  The motions were referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Brooklyn Park Police Detective Brice Sand submitted the affidavit in support of the search warrant.  Detective Sand wrote that he had learned a man named "Tony" was planning to purchase a large amount of cocaine from an undercover officer.  At Detective Sand's direction,

---

[1] The Court will address Defendant Shinaul's non-dispositive motions in a separate Order.

law enforcement officers conducted surveillance on 7980 Beard Court in Brooklyn Park, which they had learned was Tony's residence.  Just before the purchase was scheduled to occur, the officers saw numerous vehicles coming to and going from the home during a short period of time.  Based on Detective Sand's experience, he believed that these people were bringing Tony money to purchase cocaine.  One of the cars was a 2007 Dodge Magnum driven by co-defendant Michael Allen Barthel.  About an hour and a half into the surveillance, Defendant Shinaul, Defendant Barthel, and another individual left 7980 Beard Court in a tan Toyota Camry and drove to a prearranged location to meet with the undercover officer.  Defendant Shinaul purchased the cocaine from the undercover officer, and the three men were arrested.  During further investigation, Detective Sand learned that the license plate of the tan Camry was registered to Defendant Shinaul and listed an address of 7980 Beard Court in Brooklyn Park, Minnesota.  Defendant Shinaul's driver's license also listed that address, as did records of previous police contacts with Defendant Shinaul.

A reviewing court should accord "great deference" to a determination of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983) (citation omitted).  The duty of a judge who signs a warrant is "to make a practical, common-sense decision whether, given all the circumstances . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238.  When an issuing court relies solely on an affidavit to determine whether probable cause exists for a warrant, the reviewing court may consider "only that information which is found within the four corners of the affidavit . . . in determining the existence of probable cause." United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982).  The task for the reviewing court is to ensure there was "a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." Gates, 462 U.S. at 236 (quotation omitted) (ellipsis

and modification in <u>Gates</u>).

The Court finds that Detective Sand's affidavit established probable cause for the search warrant. The affidavit summarized the general aspects of the investigation as well as the details of Defendant Shinaul's purchase of cocaine from the undercover officer. The affidavit also sufficiently established that 7980 Beard Court in Brooklyn Park, Minnesota, was Defendant Shinaul's address. Accordingly, Defendant Shinaul's motions to suppress evidence should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Antonio Ortiz Shinaul's Motion to Suppress Evidence Obtained Through Search (Doc. No. 39) be **DENIED**; and

2. Defendant Antonio Ortiz Shinaul's Motion to Suppress Search and Seizure Evidence (Doc. No. 42) be **DENIED**.

Dated: November 17, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.